# CHARLESTON.

H. J. RAWLING v. S. G. FISHER et als.

(No. C. C. 376.)

Submitted March 9, 1926.    Decided March 23, 1926.

1. COVENANTS—MINES AND MINERALS—*Covenant is "Covenant Real," and Runs With Land Only When it Attaches to Land or Some Interest Therein Actually Granted Covenantee; Covenant Reserving to Grantor One-Half Interest in Oil, Gas, and Minerals Held Not a "Covenant Real."*

A covenant is a covenant real and runs with land only when it attaches to the land or some interest therein actually granted the covenantee.

(Covenants, 15 C. J. § 54.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case certified from Circuit Court, Jackson County.

Suit by H. J. Rawling against S. G. Fisher and others to remove cloud of title and to recover delay rentals. After overruling a demurrer to the bill, the trial court certified the cause.

*Reversed and remanded.*

*J. L. Wolfe* and *K. K. Hyre,* for plaintiff.

*Hogg & Hogg, Lewis H. Miller* and *Burton Crow,* for defendant S. G. Fisher.

HATCHER, JUDGE:

In May, 1909, S. G. Fisher leased to E. H. West, for a period of ten years, the oil and gas under a 25-acre tract of land in Jackson County, West Virginia. The lessee was to complete a well on said tract within three months from date, or pay thereafter delay rentals amounting to $5.00 a quarter. This lease was assigned by West to the United Fuel Gas Company, in July, 1909. In April, 1910, Fisher and wife conveyed said tract to J. K. Staats, reserving, however, an undivided one-half interest in the oil, gas, and minerals thereon.

This conveyance contained the following provision: "Said J. K. Staats to have the right to lease said land for oil and gas and collect the rental of the present lease after the first payment is made on land, also to receive all rentals due on all subsequent leases." In September, 1911, Staats and wife conveyed the said tract to H. J. Rawling, reserving in favor of Fisher one-half of the oil and gas and attempting specifically to convey to Rawling the right to lease the said tract for oil and gas, and to collect the rentals thereon. In January, 1919, Fisher and wife leased to the United Fuel Gas Company their undivided interest in the said tract for a period of ten years, this lease to take effect upon the expiration of the first lease. The delay rentals provided in this lease are $37.50 a quarter. In September, 1919, a similar lease of the said tract was executed by Rawling and wife to the same lessee for a period of five years, under which they also received delay rentals of $37.50 a quarter.

The bill in this case was filed in the circuit court of Jackson County in 1925 by Rawling against Fisher, Staats, and the United Fuel Gas Company. It sets up the several conveyances above referred to, and alleges that by virtue of the covenant in the deed from Fisher to Staats and its assignment to plaintiff, the plaintiff has the right to rent and receive the rental on the interest of Fisher in the 25-acre tract; that during the period the said land was owned by Staats, he collected and appropriated for his own use all of the delay rentals on the said tract, and that after the conveyance to Rawling, the latter likewise collected and appropriated for his own use, without objection from Fisher, all of the delay rentals on said land, which accrued under the lease thereon until it expired in 1919; that Fisher had collected the delay rentals of $37.50 a quarter accruing under his lease to the United Fuel Gas Company since 1919 which amounted to $862.50; that the United Fuel Gas Company was willing to pay $75.00 a quarter on the said tract as delay rental, but would not pay plaintiff but one-half of that sum, as long as Fisher claimed the right to lease and collect the delay rental on his undivided one-half interest therein; and that the lease of Fisher to the United Fuel Gas Company was a cloud upon

the title of the plaintiff, and should be cancelled, and the said amount of delay rental so collected by Fisher paid to the plaintiff. And the bill so prays.

A demurrer to the bill was overruled by the circuit court, and the cause certified here.

Several propositions are raised in plaintiff's brief in support of the bill, but his counsel rightly conceded in argument that unless the above quoted covenant in the deed from Fisher to Staats is a covenant real and runs with the land, the plaintiff cannot maintain this suit.

In *Hurxthal* v. *Boom Company*, 53 W. Va. 87, it was held that a covenant real could only be established upon a grant of the land or some interest therein, to which the covenant attached, citing 8 Am. and Eng. Ency. of Law, 147, and other authorities. Then in the later case of *Tennant* v. *Tennant*, 69 W. Va. 28, the same doctrine was reiterated in language notable for its simplicity: "In order that a covenant may run with the land, it must respect the thing granted, and the act covenanted must concern the estate conveyed." 11 Cyc. 1080, and 2 Washburn on Real Prop., sec. 1205, are quoted. The Tennant case involved the construction of a covenant respecting oil, in a deed in which the land was granted and the oil reserved. The reasoning of Judge ROBINSON in that case lights our pathway in this. He said: "The thing granted to Elmer Tennant, as we have said, was the land with the oil reserved. Then does the covenant to take oil respect the land which was granted him without that oil? The oil was no part of the grant of the land to him. Oil cannot respect that which was granted to him in the nature of land, for the same was plainly reserved from it."

In the present case Fisher granted to Staats all of the 25-acre tract except an undivided one-half interest in the oil, gas, and minerals. Upon the execution of the deed, Fisher no longer had title to or interest in the property conveyed to Staats. Staats had the absolute right to receive his proportionate part of the rentals subsequently accruing thereon, even on the lease already in force. 39 Cyc. 1628 (9). Consequently the dominion yielded Staats by the covenant in question necessarily applied to the undivided one-half interest in

the oil, gas, and minerals which Fisher reserved. The authority so conferred on Staats was authority over an interest which had not been granted to Staats and which Staats did not grant to plaintiff. In other words, the covenant did not relate to the land conveyed but to the interest reserved and not conveyed. The covenant therefore failed in the first essential of a covenant real, in that it did not "respect the thing granted" or "concern the estate conveyed", but respected and concerned only an estate not granted.

As the covenant did not attach to and run with the estate held by the plaintiff, there is no privity of title between him and defendant. The lease of defendant to the United Fuel Gas Company was limited solely to the interest of Fisher in the 25 acres and casts no shadow on the interest of the plaintiff therein. We need not concern ourselves with "practical constructions", laches, and other questions certified. The plaintiff's bill is not sufficient on demurrer, and we so answer the lower court.

*Reversed and remanded.*